JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SANTENO ADAMS
7778 Penrose Ave.
Elkins Park PA 19027

## DEFENDANTS

I.C. SYSTEMS, INC.
444 Highway 96
Vadnais Heights MN 55127.

**(b)** County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Ramsey MN
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael P. Forbes
200 Eagle Rd., Suite 50
Wayne PA 19087
610-293-9399

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | | Pharmaceutical | | | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product | | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | Liability | | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [x] 890 Other Statutory Actions |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FDCPA 15 U.S.C. §1692

Brief description of cause:
Debt Collection

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
11/11/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

SANTENO ADAMS

           :       CIVIL ACTION

     v.           :

I.C. SYSTEMS, INC.   :       NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 11/11/15 | Michael P. Forbes | Santeno Adams |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-293-9399 | 610-293-9388 | michael@mforbeslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7778 Penrose Ave. Elkins Park PA 19027

Address of Defendant: 444 Highway 96 Vadnais Heights MN 55127

Place of Accident, Incident or Transaction: /

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒

*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
     (Please specify) 15 U.SC. §1692 FDCPA

B.  *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
     (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 11/13/15     _____     55767
                    Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/11/15     _____     55767
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO:  CV-

| | | |
|---|---|---|
| SANTENO ADAMS | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| I.C. SYSTEMS, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

## COMPLAINT

### I.  JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair

Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq.* (hereinafter "FDCPA"),

which prohibits debt collectors from engaging in abusive, false, deceptive, misleading

and unfair practices.

2.      Venue is proper in this District because Defendant transacts business within this

District, the acts and transactions occurred in this District, and Plaintiff resides in this

District.

### II. PARTIES

3.      Plaintiff, SANTENO ADAMS, ("Plaintiff") is a natural person residing at 7778

Penrose Ave. Elkins Park PA 19027.  Because Plaintiff is allegedly obligated to pay a

debt that is the subject of this case was primarily used for family, personal or household

purposes, he is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3).

4.      Defendant I.C. SYSTEMS, INC., ("I.C. Systems"), is upon information and

belief, a corporation located at 444 Highway 96 Vadnais Heights, MN 55127, and, at all

times relevant herein, operated as a collection agency, and is a "debt collector" as the

term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen.

5.      Defendant, at all times relevant hereto, is considered a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III. FACTUAL ALLEGATIONS

6.      At all times relevant hereto, Plaintiff was an employee at Temple University Hospital.

7.      Plaintiff's employer has a policy that forbids personal calls on the hospital line. The line is only to be used for the business of providing medical supplies to the nurses at the hospital.

8.      On or about May 15, 2015, Defendant contacted Plaintiff's place of employment multiple times.

9.      Defendant spoke with the lead technician in the department, and informed him that Plaintiff owed a debt.

10.     The lead technician informed Defendant that it was calling Plaintiff's place of employment, that it was their second call of the day, that Plaintiff cannot get personal calls at work and that Defendant should not call again.

11.     Despite the aforesaid admonition to Defendant, Defendant continued to call Plaintiff at work and caused the phone to ring repeatedly.

12.     Plaintiff finally answered one of the calls and an employee of Defendant, who identified herself as Connie, told Plaintiff that that she was calling from I.C. Systems.

13.     Plaintiff then informed Connie that it was inappropriate for Defendant to call his place of employment to attempt to collect a debt; that he thought it was against the law and requested Defendant to stop calling him at his place of employment.

14.     Connie told Plaintiff that he cannot sue for calling his place of employment and to "get used to her" because she would be calling again.

15.     Plaintiff felt threatened and intimidated at his workplace as the calls from Defendant were in violation of his employer's policy on personal calls.

16.     Defendant's actions caused Plaintiff to have a fear of losing his job.

17.     The aforesaid actions of the Defendant are material, deceptive, false and misleading under the FDCPA in that Defendant, inter alia, continually harassed Plaintiff, called and spoke to third parties about the alleged debt without Plaintiff's consent, called Plaintiff's place of employment despite being told this was not allowed, gave Plaintiff a false sense of urgency, threatened to take action that cannot legally be taken or that was not intended to be taken, and conducted themselves in a manner that was false, misleading, and deceptive.

18.     Defendant knew or should have known that their actions, as aforestated, violated the FDCPA and relevant state statutes and the Defendant could have taken the appropriate actions to comply with the applicable laws but failed and neglected to do same and failed to adequately review their actions to insure compliance with said law.

19.     At all times relevant hereto, the conduct of the Defendant, as well as that of its

agents, servants and/or employees, was intentional, willful, reckless, negligent and in

wanton disregard for state and federal law and the rights of the Plaintiff herein.

## IV. CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. section 1692, et seq.

20.     Plaintiff incorporates his allegations of paragraphs 1 through 19 as though set

forth at length herein.

21.     Defendant's actions as aforestated are false, deceptive, material and misleading to

Plaintiffs as follows:

(a)     Defendant violated 15 U.S.C. § 1692b(2) by contacting a third party and

stating that Plaintiff owed a debt;

(b)     Defendant violated 15 U.S.C. § 1692c(a)(3) by contacting Plaintiff at his

place of employment after being told that his employer prohibits such communication;

(c)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural

consequence of which is to harass, oppress, or abuse any person;

(d)     Defendant violated 15 U.S.C. § 1692e by making false, deceptive, or

misleading representation or means in connection with the debt collection;

(e)     Defendant violated 15 U.S.C. § 1692e(5) by threating to take action that

cannot legally be taken or that was not intended to be taken;

(f)     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable

means to collect an alleged debt;

(g)     Defendants violated 15 U.S.C. § 1692g, et. seq., by failing to send a written validation notice to Plaintiff.

22.     As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, frustration, fear, embarrassment and humiliation.

23.     Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs, and attorneys' fees.

24.     As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

25.     Plaintiff incorporates her allegations of paragraphs 1 through 24 as though set forth at length herein.

26.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

27.     As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C.  §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SANTENO ADAMS, prays that judgment be entered against Defendant, individually, jointly and severally, for the following:

(1)     Actual damages;

(2)     Statutory damages each in the amount of $1,000.00;

(3)     Reasonable attorneys' fees and costs;

(4)     Declaratory judgment that the Defendants conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 50
Wayne, PA 19087
(610) 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com